# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Cynthia Bryant, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Commercial Recovery Systems, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Cynthia Bryant, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Cynthia Bryant ("Plaintiff"), is an adult individual residing in McDonough, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commercial Recovery Systems, Inc. ("CRS"), is a Texas business entity with an address of 8035 RL Thornton FWY, Suite 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CRS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CRS, at all times, acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS
### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CRS for collection, or CRS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CRS Engages in Harassment and Abusive Tactics

12. Within the past year, CRS contacted Plaintiff in an attempt to collect the Debt.

13. During the initial conversation, Plaintiff informed CRS that the Debt was paid. Plaintiff further informed CRS that she had no obligation to pay the Debt and had no intention to pay the Debt and Plaintiff instructed CRS to cease all communications with Plaintiff.

14. Despite receiving this instruction, CRS continued to place calls to Plaintiff's cellular telephone in an attempt to collect the Debt, sometimes causing Plaintiff's telephone to ring up to twice a day.

15. CRS threatened to immediately file a lawsuit against Plaintiff if she failed to immediately pay the Debt. To date, no such lawsuit has been commenced.

16. CRS failed to meaningfully disclose its name to Plaintiff.

17. CRS failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

18. CRS placed automated calls with pre-recorded voice messages on Plaintiff's cellular phone line in an attempt to collect the Debt.

19. CRS failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

### C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

33. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

38. The Plaintiff incurred a Debt as a result of engaging into "consumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

39. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

40. The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

41. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

44. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

45. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

48. Georgia further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Georgia state law.

49. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

50.    The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

52.    All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 30, 2011

                                            Respectfully submitted,

                                            By: /s/ Cara Hergenroether, Esq.
Attorney Bar No.: 570753
Attorney for Plaintiff Cynthia Bryant
LEMBERG & ASSOCIATES L.L.C.
1400 Veterans Memorial Highway
Suite 134, #150
Mableton, GA 30126
Telephone: (855) 301-2100 ext. 5516
Facsimile:   (888) 953-6237
Email: chergenroether@lemberglaw.com